UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELLY M. HAGAN, Trustee, | Case No. 1:08-cv-732 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| NANCY OKONY, | Bankruptcy Judge Dales |
| Defendant, | |
| In re: WILLIAM L. CORL, | |
| Debtor. | |

**ORDER**

**Adopting the R&R without Objection;
Withdrawing the Reference of this Matter to U.S. Bankruptcy Court;
Entering Default Judgment Against Defendant Okony;
Terminating the Case**

In March 2008, the plaintiff, bankruptcy trustee Kelly M. Hagan ("the trustee"), filed a complaint in the United States Bankruptcy Court for the Western District of Michigan ("the bankruptcy court") alleging that the defendant, Nancy Okony ("Okony"), owed the debtor, William L. Corl ("Corl"), $15,000 under a pre-petition loan. The action was assigned Bankruptcy Case No. 07-06817 and Adversary Proceeding No. 08-80120. Okony failed to answer or otherwise respond to the trustee's complaint, and in April 2008 the Clerk of the bankruptcy court entered a default

against Okony.  *See* R&R, Exhibits A and B.  The trustee subsequently applied for a default judgment against Okony, *see* R&R Exhibit C, and the Honorable Scott W. Dales, United States Bankruptcy Judge, held a hearing on the application on June 4, 2008.

On June 18, 2008, Judge Dales issued a Report and Recommendation suggesting the following conclusions:  (1) although the trustee styled her complaint in the bankruptcy court as one for turnover of property pursuant to 11 U.S.C. § 542, it actually sought to liquidate a contract claim based on state-law rights formerly held by the debtor but now held by the estate under 11 U.S.C. § 541; (2) therefore, the trustee's claim for Okony's repayment of the loan is not within the bankruptcy court's "core" jurisdiction; (3) under *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 485 U.S. 50 (1982), such a claim may not be finally adjudicated by a non-Article III judge absent the consent of the parties; (4) defendant Okony has neither explicitly nor implicitly consented to such an adjudication by the bankruptcy judge; and (5) therefore, if the bankruptcy court purported to issue a final judgment in favor of the trustee, that judgment could be subject to attack as void by a motion for relief from judgment under FED. R. CIV. P. 60(b)(4).

The bankruptcy court mailed Judge Dales's R&R to defendant Okony on June 18, 2008, but Okony has never filed objections or any other document with the bankruptcy court in the four-plus months since the R&R was mailed to her.  The instant action was initiated in this court on August 4, 2008, seeking to withdraw the reference to the bankruptcy court of the trustee's claim against Okony, and on that same date, a notice was mailed to Okony advising her of that fact.  More than two and one half months have elapsed since the notice of this action was mailed to Okony, and she has not filed an objection to the R&R or any other document with this court.

Accordingly, this court considers the R&R to stand without objection.

In the vast majority of instances where this court receives an R&R, the R&R is issued by a United States Magistrate Judge, not a United States Bankruptcy Judge.  But Judge Dales proceeded appropriately, and with admirable respect and concern for the limits of the bankruptcy court's jurisdiction and the respective roles of the two courts.  This court looks for guidance to precedents governing R&Rs issued by federal magistrate judges.  This is appropriate given the similarity between the Federal Magistrates Act, 28 U.S.C. § 636, and the Bankruptcy Code and Bankruptcy Rules provisions governing R&Rs and objections thereto.  *See In re Auto Specialties Mfg. Co.*, 153 B.R. 503, 505 (W.D. Mich. 1993) (Bell, J.) ("When a bankruptcy judge submits proposed findings of fact and conclusions of law in non-core proceedings, the district court, before entering a final order of judgment, must consider the proposed findings and conclusions and review *de novo those matters to which any party has timely and specifically objected.*") (citing 28 U.S.C. § 157(c) and FED. R. BANKR. P. 9033(d)) (emphasis added); *see also In re Norris*, No. 96-30146, 114 F.3d 1182, 1997 WL 256808, *11 (5th Cir. Apr. 11, 1997) (by submitting contempt issues to the district in the form of an R&R, "[t]he bankruptcy court . . . acted much as a magistrate judge would have on a matter assigned for a report and recommendation pursuant to 28 U.S.C. § 636).

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations.  *See* 28 U.S.C. § 636(b)(1).  To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of an R&R, but *all* district-judge review.  Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions.  The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard.  However, § 636(b)(1)© simply does not provide for such review.  This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions].  Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard.  *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the outcome and rationale of Judge Dales's R&R to be sound.[2]

---

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

*See also Lewis v. Comm'r of Soc. Sec.*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008)

For the reasons explained by the R&R, the trustee is entitled to default judgment against Okony but the bankruptcy court lacks the jurisdiction and authority to enter a final default judgment in this instance.

**ORDER**

Accordingly, having reviewed the bankruptcy judge's R&R and having received no objections thereto, the court **ADOPTS** the June 18, 2008 Report and Recommendation of the Honorable Scott W. Dales.[3]

The reference of the trustee's complaint against the defendant to the U.S. Bankruptcy Court is **WITHDRAWN**.

---

(Maloney, C.J.); *Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

[3] *See, e.g., Global One Financial, Inc. v. Foot & Ankle Institute of North Jersey, P.A.*, 2008 WL 1925311 (D.N.J. Apr. 30, 2008) (in absence of objections, district judge without discussion adopted bankruptcy judge's R&R recommending that default be entered against defendant and that the plaintiff be permitted to file an application for default judgment);

*In re Wylie*, 1991 WL 42236 (E.D. Pa. Mar. 22, 1991) (adopting bankruptcy judge's R&R over debtor's objections and entering default judgment);

*Fleet v. U.S. Consumer Council, Inc.*, 70 B.R. 845 (E.D. Pa. 1987) (adopting bankruptcy judge's R&R and denying motion for relief from default judgment).

The Clerk of Court **SHALL enter DEFAULT JUDGMENT** against the defendant in the amount of $15,000.00 (fifteen thousand dollars and zero cents).

This case is **TERMINATED.**

This is a final order.[4]

**IT IS SO ORDERED this 22nd day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[4] The court intimates no opinion as to whether the defendant has waived her right to appeal this order by failing to file objections to the bankruptcy judge's R&R.